IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER[1], <br><br>　　　　　　　　Petitioner, <br><br>　v. <br><br>RON RACKLEY, Warden, <br><br>　　　　　　　　Respondent. | Case No. 1:14-cv-00946 LJO MJS (HC) <br><br> **FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS** <br><br> **[Doc. 15]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, warden of California Health Care Facility, Stockton, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented in this action by Brian G. Smiley, of the Office of the Attorney General for the State of California.

**I.　BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections

---

[1] Petitioner also refers to himself as Gary Dale Fisher. Regardless, Petitioner's California Department of Corrections and Rehabilitation Inmate Number is F85263.

pursuant to a judgment of the Superior Court of California, County of Kern, upon pleading on July 6, 2012 to assault with a deadly weapon with various enhancements. (See Lodged Doc. No. 1.) On February 6, 2012, Petitioner was sentenced to a determinate state prison term of eight years. (Id.)

Petitioner did not appeal his conviction. However, Petitioner filed five post-conviction collateral challenges with respect to his conviction in the form of state petitions for writ of habeas corpus, as follows:

1. <u>Kern County Superior Court</u>
   Filed: May 1, 2012[2];
   Denied: May 23, 2012;

2. <u>California Court of Appeal, Fifth Appellate District</u>
   Filed: February 27, 2013[3];
   Denied: April 4, 2013;

3. <u>Kern County Superior Court</u>
   Filed: March 13, 2013[4];
   Denied: May 28, 2013;

4. <u>California Court of Appeal, Fifth Appellate District</u>
   Filed: August 18, 2013[5];
   Denied: September 13, 2013;

5. <u>California Supreme Court</u>
   Filed: November 26, 2013[6];
   Denied: February 11, 2014;

(See Lodged Docs. 2-11.)

---

[2] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. With regard to this petition, Petitioner did not provide a date upon which the petition was mailed, and is therefore not entitled to the benefit of the mailbox rule.

[3] With regard to this petition, Petitioner did not provide a date upon which the petition was mailed, and is therefore not entitled to the benefit of the mailbox rule.

[4] Although the petition was filed on March 15, 2013, the petition shall be considered filed on March 13, 2013, the date Petitioner signed the petition.

[5] Although the petition was filed on August 23, 2013, the petition shall be considered filed on August 18, 2013, the date Petitioner signed the petition.

[6] Although the petition was filed on December 2, 2013, the petition shall be considered filed on November 26, 2013, the date Petitioner signed the petition.

On June 1, 2014, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court.[7] On August 22, 2014, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (ECF No. 15, Mot. to Dismiss) Petitioner filed an opposition to the motion on September 17, 2014, and Respondent filed a reply on September 24, 2014.

## II.   DISCUSSION

### A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority

---

[7] Although the petition was filed on June 10, 2014, the petition shall be considered filed on June 1, 2014, the date Petitioner signed the petition.

under Rule 4.

**B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on June 1, 2014 and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking

4

such review. In this case, Petitioner did not appeal the operative judgment issued on February 6, 2012. Accordingly, his conviction became final 60 days later on April 6, 2012. Cal. Rules of Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA statute of limitations began to run the following day, on April 7, 2012. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

### C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Petitioner filed his first state petition on May 1, 2012, and it was denied on May 23, 2012. Respondent concedes that Petitioner is entitled to tolling during the time the petition was pending in state court. However, 24 days of the limitation period passed before the application was filed. Subtracting those from the 365 limitations period, 341 days remained when the first state petition was denied on May 23, 2012.

Petitioner next filed an appeal with the California Court of Appeal on February 27, 2013, and it was denied on April 4, 2013. Petitioner is not entitled to interval tolling between the denial of his first state petition and the filing of the second state petition.

Petitioner delayed by waiting 280 days between the time his first petition was denied on May 23, 2012 and the filing of his third petition on February 27, 2013. In Evans v. Chavis, 546 U.S. 189, 201 (2006) the Supreme Court ruled that a delay of six months between the denial of a petition and the filing of another was an "unjustified delay". The Court stated, "Six months is far longer than the 'short periods of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court." Id. Therefore, petitioner is not entitled to tolling for the unexplained and unjustified period between his first and second petitions. See Velasquez v. Kirkland, 639 F.3d 964 (9th Cir. 2011). Although Petitioner is not entitled to tolling during the interval period between petitions, Petitioner is entitled to tolling during the pendency of his second state petition from February 27, 2013 to April 4, 2013. Since 280 days of the limitation period passed prior to the filing of the petition, only 61 days remained as of April 4, 2013.

Petitioner next filed his third state habeas petition with the Kern County Superior Court on March 13, 2013, and it was denied on May 28, 2013. The court found the petition successive. The court cited In re Clark, 5 Cal. 4th 750, 765 (1993), which stands for the proposition that untimely or successive petitions will not be permitted. A habeas petition rejected by the state court as successive is not "properly filed" for purposes of AEDPA tolling. Pace, 544 U.S. at 414-415; Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005). Only "properly filed" state petitions are entitled to AEDPA tolling. 28 U.S.C. § 2244(d)(2). "When a post-conviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).'" Bonner, 425 F.3d at 1148 (quoting Pace, 544 U.S. at 414). Petitioner's third state petition does not toll the one-year statute of limitations.

Accordingly, 61 days of the limitations period remained as of April 4, 2013, the date the second petition was denied. The statute of limitations therefore expired on June 5, 2013, nearly a year before the instant federal petition was filed on June 1, 2014. While Petitioner filed two more state petitions, petitions filed after the expiration of the statute of limitations period shall have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th
...

Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). The present petition was filed on June 1, 2014, nearly a year after the expiration of the year statute of limitations period. The instant federal petition is untimely.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). In his objections to the motion to dismiss, Petitioner claims he is entitled to an equitable exception to the limitations period based on his actual innocence.[8]

On May 28, 2013, the Supreme Court held that a federal court may entertain an untimely claim if a petitioner makes a showing of actual innocence. McQuiggin v. Perkins, 133 S. Ct. 1924, 185 L. Ed. 2d 1019, 2013 WL 2300806 (2013). To qualify for the equitable exception to the timeliness bar based on actual innocence, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" 133 S. Ct. at 1935 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "[T]he emphasis on 'actual innocence' allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial." Schlup, 513 U.S. at 327. "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin, 133 S. Ct. 1924, 1936 (quoting

---

[8] The Court notes that in his opposition, Petitioner claims that the petition seeks damages and is really a civil rights action. (Opp'n at 2-3.) However, Petitioner also states that he is challenging his conviction and that his sole remedy is by way of a petition of habeas corpus. (Id.) Petitioner's statements are inconsistent, and based on the fact that Petitioner appears to be challenging his conviction, the Court shall consider the filing a petition for writ of habeas corpus.

Schlup, 513 U.S. at 316.) "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." 133 S. Ct. 1924, 1935.

Petitioner asserts that if he would have received his Freedom of Information Act request, he would have had new evidence to support his claim of innocence. (Opp'n at 26.) Petitioner's claims, without further explanation, do not undermine the finding of his guilt. Petitioner has not described the evidence, or why it would show that he is innocent. Accordingly, the evidence presented in the opposition is not sufficient to support a finding of actual innocence. Petitioner's newly presented evidence, if presented to a reasonable juror, would not convince the juror of his innocence. Petitioner's actual innocence claim is without merit and the petition for writ of habeas corpus must be dismissed as untimely.

### III. CONCLUSION

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is entitled to the benefit of statutory and equitable tolling, however, his federal petition was still untimely filed. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

### IV. RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's

Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 29, 2014            /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE